Qamar v. Lynch

BIA
Bain, IJ
A074 909 939

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

FAROOQ QAMAR,
> *Petitioner,*

> v.                                                    15-244
>                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:              Benjamin C. Mizer, Principal Deputy
                             Assistant Attorney General; Leslie
                             McKay, Assistant Director; Melissa
                             K. Lott, Trial Attorney, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Farooq Qamar, a native and citizen of Pakistan, seeks review of a December 31, 2014, decision of the BIA affirming a March 11, 2013, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), withholding of removal under the Convention Against Torture ("CAT"), and adjustment of status. *In re Farooq Qamar,* No. A074 909 939 (B.I.A. Dec. 31, 2014), *aff'g* No. A074 909 939 (Immig. Ct. N.Y. City Mar. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Khouzam v. Ashcroft*, 361 F.3d 161, 164-65 (2d Cir. 2004). The agency did not err in finding Qamar barred from asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the CAT, based on his admission

2

that he assisted his uncle, who was an international drug trafficker, in packing and holding a shipment of heroin in Pakistan.

The agency must deny asylum and withholding of removal, if "there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States." 8 U.S.C. § 1158(b)(2)(A)(iii); *see also* 8 U.S.C. § 1231(b)(3)(B)(iii); 8 C.F.R. § 1208.16(d)(2). "The serious reasons to believe standard is the equivalent of probable cause." *Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009) (internal quotation marks and brackets omitted). In determining whether a crime is serious, the agency considers "the alien's description of the crime, the turpitudinous nature of the crime according to [the BIA's] precedents, the value of any property involved, the length of sentence imposed and served, and the usual punishments imposed for comparable offenses in the United States." *Matter of Ballester-Garcia*, 17 I. & N. Dec. 592, 595 (B.I.A. 1980).

Given that Qamar admitted to packing and holding a shipment of heroin, which were not political acts, the only issue in Qamar's case is whether those acts constituted a serious crime.

3

*See Guo Qi Wang*, 583 F.3d at 91 (finding the "serious reasons for believing" standard satisfied based on applicant's admission).  The agency reasonably concluded that they did, noting BIA precedent treating drug trafficking as an inherently serious crime.  *See In re Y-L-*, 23 I. & N. Dec. 270, 275 (B.I.A. 2002).  Furthermore, as the agency noted, aiding and abetting the unlawful distribution of heroin is a felony under U.S. law.  *See* 18 U.S.C. §§ 2, 3559(a); 21 U.S.C. §§ 812(c), 841.

Qamar argues that the agency erred in finding his acts a serious crime without considering that he was only 16 or 17 years old at the time or that cultural and familial pressures prevented him from refusing to assist his uncle.  There is no merit to this argument.  First, the agency explicitly considered these factors.  Second, as the agency noted, a juvenile who is alleged to have committed a drug trafficking offense while over the age of 15 may be prosecuted as an adult pursuant to 18 U.S.C. § 5032, and Qamar testified that his family did not pressure him to participate in their drug business.  Accordingly, given Qamar's admission of acts that amount to a felony drug trafficking offense, the agency did not err in finding that he was barred from asylum and withholding of removal for having committed a serious nonpolitical crime

4

before his arrival in the United States.  *See* 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii); 8 C.F.R. § 1208.16(d)(2); *Guo Qi Wang*, 583 F.3d at 90; *Matter of Ballester-Garcia*, 17 I. & N. Dec. at 595.

We do not consider the agency's denial of adjustment of status because Qamar fails to adequately challenge the agency's decision to that extent.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (declining to consider a claim as abandoned when petitioner "devote[d] only a single conclusory sentence to the argument").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5